## PHILADELPHIA JOINT BOARD AMAL-GAMATED CLOTHING WORKERS OF AMERICA v. UNITED STATES.

Civ. A. No. 13062.

United States District Court
E. D. Pennsylvania.

July 2, 1952.

Jerome L. Markovitz, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

In 1949 the United States recovered a judgment against Continental Casualty Company in an action on a contractor's bond in the amount of $23,068.08. The action was brought under Section 2 of the Walsh-Healey Public Contracts Act, as amended, 41 U.S.C.A. § 36, and the judgment represented underpayments of wages by the contractor. Of the judgment $8,897.-49 was interest.

The Secretary of Labor has paid to the employees the principal amount, but the interest has been covered into the Treasury. Section 2 of the Walsh-Healey Act is in part as follows:

"Any sums of money due to the United States of America by reason of any violation of any of the representations and stipulations of said contract set forth in section 1 hereof may be withheld from any amounts due on any such contracts or may be recovered in suits brought in the name of the United States of America by the Attorney General thereof. All sums withheld or recovered as deductions, rebates, refunds or underpayments of wages shall be held in a special deposit account and shall be paid, on order of the Secretary of Labor, directly to the employees who have been paid less than minimum rates of pay as set forth in such contracts and on whose account such sums were withheld or recovered".

The present action was brought under the Tucker Act, 28 U.S.C. §§ 791, 1346, 1491 et seq., 2071, 2072, 2401 et seq., 2501 et seq., by the employees to recover the interest.

The only question is whether the provision directing the payment directly to the employees of "All sums * * * recovered

as \* \* \* underpayments of wages" includes interest as well as principal.

There would be no doubt about the answer if the Act read "all sums recovered on account of" or "in connection with" or "by reason of" underpayments, but I think that is what the Act means and what Congress intended. The Comptroller General rendered an opinion that "this exception does not include interest or judgments for liquidated damages due the United States as one of the specific items to be paid to the employees." Technically, the judgment was for liquidated damages. The employees were given no right of action by the Act. The United States was the only party who could sue and, of course, inasmuch as the United States had not suffered any real damage, the recovery had to be in the nature of liquidated damages. However, the judgment did not represent money "due the United States". The suit was for money due the employees. In substance, the suit was by the United States for their benefit and in a quasi-representative capacity, as appears from the provision that the money shall be held in a special account and paid directly to the employees. This provision is in contrast with the earlier portion of the section providing for liquidated damages in the amount of $10 per day for employment of minors and convict labor, which contains no such provision.

The intent of the whole Act was to insure the wage earners of everything they would have been entitled to had the provisions of the Act been complied with. Discussion of the precise legal nature of interest on money due after breach of an obligation to pay it is unprofitable. The only question is: What has Congress said, in this particular statute, should be done with the money recovered? I think it clear that, when Congress directed that sums recovered as "underpayments of wages" be paid directly to the employees, it was intended to give them what they would have been entitled to get had they been able to sue their employer in their own right, and that includes interest.

Judgment may be entered for the plaintiff.